IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| YOUMARA GONZALEZ-DONES | * | CIVIL NO. 11- |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | **PLAINTIFF DEMANDS** |
| | * | |
| VERIFONE, INC. INC., JOHN DOE, INC., and ABC INSURANCE CO. | * | **TRIAL BY JURY** |

* * * * * * * * * * * * * * *

### C O M P L A I N T

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, **YOUMARA GONZALEZ-DONES**, through her undersigned attorneys, **TRONCOSO & SCHELL**, and very respectfully state, allege and pray as follows:

### I. JURISDICTION AND ALLEGATIONS COMMON TO ALL CLAIMS

1. Jurisdiction exists pursuant to 28 U.S. Code Section 1332, in that the plaintiff is a citizen of the Commonwealth of Puerto Rico; defendant VeriFone, Inc. ("VeriFone"), is a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in the State of California; defendant John Doe, Inc., is a corporation organized and existing under and by virtue of the laws of a state other than Puerto Rico, with its principal place of business in a State other than Puerto Rico; defendant ABC Insurance Company is an insurance company organized and existing by virtue of the laws

of a State other than Puerto Rico, with a principal place of business in a state other than Puerto Rico; and the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs.

2. At all times hereinafter mentioned in the Complaint, plaintiff Ms. Youmara González-Dones is of legal age, a sales employee of Castillo Tours and a resident of Bayamón, Puerto Rico.

3. At all times hereinafter mentioned in the Complaint, VeriFone is a corporation engaged in the manufacture and sale of electronic payment devices, including the ones identified as "Omni 5xxx and Vx5xx/Vx6xx".

4. At all times hereinafter mentioned in the Complaint John Doe, Inc., is a corporation engaged in the manufacture and sale of electronic payment devices, including the ones identified as "Omni 5xxx and Vx5xx/Vx6xx". Once its true name and identity is ascertained, plaintiff will proceed to file the corresponding amended complaint.

5. At all times hereinafter mentioned in the Complaint, ABC Insurance Company is an insurance company whose identity is presently unknown to plaintiffs, and who at the time of the facts alleged herein had issued and maintained in full force and effect an insurance policy on behalf of VeriFone and/or John Doe, Inc., which provides defense and coverage for the facts set forth herein.

Once its true name and identity is ascertained, plaintiffs will proceed to file the corresponding amended complaint.

6. On October 13, 2010, Ms. González-Dones worked as a sales employee of Castillo Tours at the Verdanza Hotel in Isla Verde, Carolina, PR, in whose lobby Castillo Tours operates a tour and related services business.

7. As part of its business operations at the Hotel Verdanza, Castillo Tours was provided by Evertec, Inc., with an electronic payment device manufactured and sold by VeriFone, model "Omni 5xxx" or "Vx5xx/Vx6xx".

8. At about 3:30 p.m. of October 13, 2010, as Ms. González-Dones stood next to the electronic payment device manufactured and sold by VeriFone, model "Omni 5xxx and Vx5xx/Vx6xx", at a distance of six (6) to eight (8) inches, talking on the phone with a coworker who was located at the Ritz Carlton Hotel in Isla Verde, she heard a loud explosion and immediately began to feel excruciating pain in her left arm.

9. All the individuals that were present at the Hotel's lobby were immediately frightened by the sound of the explosion, and Ms. Jennifer Mila, who was operating the "Dollar Car Rental" counter next to that of Castillo Tours, alerted Ms. González-Dones to an injury that she had sustained in her arm, in the area of the elbow and above it.

10. The injury sustained by Ms. González-Dones was a deep laceration and a burn as a result of the explosion of the electronic payment device manufactured and sold by VeriFone, model model "Omni 5xxx" or Vx5xx/Vx6xx" and the chemicals contained in its battery.

11. Thereafter, Ms. González-Dones was provided basic first aid by Mr. Juan Ortiz, the Hotel's Security Supervisor, and she proceeded to leave to the main offices of her employer, in order to pick up her new medical insurance card, which by coincidence was to be handed to her during that week.

12. However, she did not make it in time to her employer's office, and proceeded to drive to her home. On the way home, she stopped at a pharmacy, and the pharmacist instructed her on how to care for her wound.

13. The following morning, Ms. González-Dones reported to the State Insurance Fund, who diagnosed her condition as a chemical first degree burn and laceration, for which she was given medications, instructed on how to care for her wound and to remain confined at home for two (2) weeks.

14. After multiple visits to the State Insurance Fund, Ms. González-Dones was discharged from treatment on April 5, 2011.

15. Notwithstanding the amount of treatment received, Ms. González-Dones' arm has been permanently scarred and the area in question continues to be extremely sensitive.

16. With regard to the electronic payment device manufactured and sold by VeriFone, model "Omni 5xxx" or "Vx5xx/Vx6xx", which exploded on Plaintiff, two (2) days after the accident Evertec's personnel took control of it and replaced it with a similar device.

## II. LIABILITY

17. The electronic payment device manufactured and sold by VeriFone, model "Omni 5xxx" or "Vx5xx/Vx6xx" was designed, and manufactured by the defendants, failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonable foreseeable manner, as Ms. González-Dones did on August October 13, 2010. As a result thereof, the electronic payment device manufactured and placed in the stream of commerce by VeriFone, model "Omni 5xxx" or "Vx5xx/Vx6xx" was defective, and said defect was the proximate cause of the burns and injuries sustained by Ms. Figueroa-Dones.

18. The burns and injuries sustained by Ms. González-Dones on August October 13, 2010, were proximately caused by the defective and/or negligent design of the electronic payment device manufactured and placed in the stream of commerce by VeriFone, model "Omni 5xxx" or "Vx5xx/Vx6xx".

19. The burns and injuries sustained by Ms. González-Dones on August October 13, 2010, were proximately caused by the defective and/or negligent manufacture of the electronic payment device

manufactured and placed in the stream of commerce by VeriFone, model "Omni 5xxx" or "Vx5xx/Vx6xx".

20. The burns and injuries sustained by Ms. González-Dones on August October 13, 2010, were proximately caused by the defendants' failure to provide adequate warnings and/or instructions as to the use of the electronic payment device manufactured and placed in the stream of commerce by VeriFone, model "Omni 5xxx" or "Vx5xx/Vx6xx" and the risks inherent to said use.

21. As a matter of fact, the defendants' failure to provide adequate instructions on the use of the electronic payment device manufactured and placed in the stream of commerce by VeriFone, model "Omni 5xxx" or "Vx5xx/Vx6xx" warn about the risks associated thereto, rendered this product defective and unreasonably dangerous to its users, for which the defendants are absolutely liable to the plaintiff.

22. The defendants are absolutely liable to the plaintiff for the defective design, failure to warn and defective manufacture of the electronic payment device manufactured and placed in the stream of commerce by VeriFone, model "Omni 5xxx" or "Vx5xx/Vx6xx".

23. The burns sustained by Ms. González-Dones on August October 13, 2010, were proximately caused by the negligence of the defendants, inasmuch as they failed to adequately manufacture the VeriFone electronic payment device, model "Omni 5xxx" or "Vx5xx/Vx6xx" and/or its contents and provide adequate instructions

about its use and warn about the foreseeable risks posed by its use.

24. ABC Insurance Company is jointly and severally liable with its insureds to the plaintiffs for the damages and injuries alleged herein under the terms and conditions of the policies agreements in question and pursuant to the provisions of Articles 20.001 and 20.003 of the Insurance Code of Puerto Rico, 26 L.P.R.A. §§ 2001 and 2003.

### III.  DAMAGES

25. As a result of the defective VeriFone electronic payment device, model "Omni 5xxx" or "Vx5xx/Vx6xx", Ms. González-Dones suffered a first degree burn and a laceration in her arm, for which she has suffered intense and horrifying pain, excruciating mental pain and anguish, and has been permanently scarred throughout for the rest of her life.

26. As a result of the defective VeriFone electronic payment device, model "Omni 5xxx" or "Vx5xx/Vx6xx", Ms. González-Dones and of the defendants' negligence, Ms. González-Dones has suffered a permanent whole person impairment.

27. As a result of the defective VeriFone electronic payment device, model "Omni 5xxx" or "Vx5xx/Vx6xx", Ms. González-Dones has suffered, and will continue to suffer, physical pain and mental anguish in the amount of $1,000,000.00.

28. As a result of the defective VeriFone electronic payment device, model "Omni 5xxx" or "Vx5xx/Vx6xx", and of the defendants' negligence, Ms. González-Dones has incurred, and will continue to require in the future, of extensive medical care, including cosmetic surgery, valued in a sum in excess of $25,000.00.

29. Defendants have incurred in obstinacy and under the laws of the Commonwealth of Puerto Rico are liable for prejudgment interest for the principal to be awarded as compensation and attorney's fees.

### IV. JURY DEMAND

30. Plaintiff demands trial by jury on all issues so triable.

**WHEREFORE**, it is respectfully requested that this Honorable Court enter judgment for plaintiff and against defendants Verifone, Inc., John Doe Inc. and ABC Insurance Company, for the total sum of $1,175,000.00, as well as to pay a reasonable amount for attorneys fees, interest, and the costs of this action.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 10th day of October, 2011.

**I HEREBY CERTIFY:** That on October 10th, 2011, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system.

**s/ Francisco M. Troncoso**
Francisco M. Troncoso, Esq. - Bar No. 120007

**s/ Richard Schell-Asad**
Richard Schell-Asad - Bar No. 203207

```
                    Attorneys for Plaintiff
                      Troncoso & Schell
                      P.O. Box 9023352
                   San Juan, PR 00902-3352
                     Tel: (787) 722-0741
                     Fax: (787) 724-2563
                    ftroncosolaw@yahoo.com
                     rschellasad@aol.com
```